UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

*In re:* Todd M. Leventhal,
Attorney at Law, Bar No. 8543

Case No. 2:22-ms-00032-MMD

ORDER

## I.    SUMMARY

This is an attorney discipline matter. Before the Court is Todd M. Leventhal's response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Nevada Supreme Court ("NSC")'s Order of Suspension issued on June 17, 2022. (ECF Nos. 1 (OSC), 6 (the "Response").) As further explained below, the Court will exercise the discretion inherent in the applicable Local Rule to impose reciprocal discipline on Leventhal but allow him to continue practicing before this Court.

## II.   BACKGROUND

The NSC imposed a six month suspension—stayed for five years—on Leventhal for violating Rule of Professional Conduct ("RPC") 1.8(a) (conflict of interest: current clients: specific rules). (ECF No. 1 at 6, 8-9.) The NSC found, "[s]ubstantial evidence supports the [disciplinary hearing] panel's conclusion that Leventhal borrowed a client's personal vehicle for more than one year without obtaining a conflict of interest waiver and failed to return the vehicle after numerous requests by the client, which forced the client to rent a vehicle for his own use." (*Id.* at 7.) However, the NSC also found that substantial evidence did not support the disciplinary hearing panel's finding that Leventhal violated RPC 1.8(a) when he accepted what turned out to be stolen property as collateral from a client who could not afford to pay a retainer. (*Id.*) The NSC accordingly found that the

discipline the disciplinary hearing panel recommended was too harsh, and imposed a lesser sanction. (*Id.* at 8-9.) That said, the NSC affirmed the disciplinary hearing panel's decision to proceed with disciplining Leventhal even though the client who Leventhal borrowed the car from withdrew his grievance against Leventhal before the NSC issued its decision. (*Id.* at 6-7.)

As noted, the NSC suspended Leventhal for six months, but stayed that suspension for five years provided he complies with two probationary conditions. (*Id.* at 8-9.) Those conditions are: (1) he must complete two additional hours of Continuing Legal Education ("CLE") credit (one hour in ethics, one in law practice management) each year during the stayed five year term; and (2) he must not receive a public reprimand or worse during the five-year term. (*Id.* at 9.) The NSC also ordered Leventhal to pay the costs of his disciplinary proceeding. (*Id.*)

Per LR IA 11-7(e)(1), the Court issued its OSC upon receipt of the NSC's order described above. (*Id.* at 1.) The Court granted Leventhal an extension of time to respond to the OSC (ECF No. 4), and Leventhal timely filed his Response (ECF No. 6).

Leventhal makes several arguments in his Response that the Court briefly summarizes here. Leventhal first argues that neither the law nor the facts support the NSC's finding that he violated RPC 1.8(a) when he borrowed his client's car. (*Id.* at 14-18.) Leventhal next argues that imposing like discipline would result in grave injustice because even if he violated RPC 1.8(a), he did not knowingly violate it because borrowing a car is not the sort of transaction that would typically implicate that rule's concerns, any harm to Leventhal's client was de minimus, and where, "as here, an attorney raises serious questions going to the merits of the charged violations but does not frivolously dispute the underlying facts, he is not necessarily deserving of harsher punishment simply because he proceeded to a hearing." (*Id.* at 18-20.) Leventhal finally argues that the Court should not treat Leventhal's stayed suspension as an actual suspension—per the Court's typical practice—because the other cases that Leventhal's counsel reviewed where the Court had done this differ from this one, Leventhal has been a dedicated member of the

1   Court's CJA Panel for nearly 20 years, and several attorneys submitted letters in
2   Leventhal's support, attesting to his compassion and tenacity in representing criminal
3   defendants in this District. (*Id.* at 21-23.)

4       More specifically as to his last argument, Leventhal argues that his case differs
5   from other cases where the Court has treated stayed suspensions as actual suspensions
6   because those cases involved conditional guilty pleas with no serious challenge to the
7   NSC's findings and conclusions, more serious misconduct, including misappropriation of
8   funds from a client trust account, and onerous probationary conditions rendering
9   monitoring compliance impracticable. (*Id.* at 21.) As further explained below, the Court
10  finds this argument persuasive—particularly in view of the relatively low severity of
11  Leventhal's conduct.

12  **III.   DISCUSSION**

13      This Court generally imposes reciprocal discipline on a member of its bar when
14  that person is suspended or otherwise disciplined by a state court unless it determines
15  that the state's disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721,
16  724 (9th Cir. 2002). Specifically, the Court will only decline to impose reciprocal discipline
17  if the attorney subject to discipline presents clear and convincing evidence that:

18      (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to
19      be heard as to constitute a deprivation of due process; (B) there was such an
        infirmity of proof establishing the misconduct as to give rise to a clear conviction
20      that the court should not accept as final the other jurisdiction's conclusion(s) on
        that subject; (C) imposition of like discipline would result in a grave injustice; or (D)
21      other substantial reasons justify not accepting the other jurisdiction's
        conclusion(s).

22  LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney
23  bears the burden by clear and convincing evidence).

24      The Court also generally treats stayed suspensions where the NSC imposes
25  probationary conditions as actual suspensions because it has neither the "obligation,
26  resources, nor inclination to monitor compliance with the probationary conditions[,]" *In re*
27  *Whipple*, Case No. 2:21-CV-01941-MMD, 2022 WL 95697, at *2 (D. Nev. Jan. 10, 2022),

28

1  and "[a]dmission to practice before the Supreme Court of Nevada, in good standing, is a

2  continuing condition of admission to the bar of this court." *Id.* (citing LR IA 11-1(a)(1)).

3  　　But the Court will deviate from that practice here and only impose "like discipline"

4  on Leventhal because his case is unique. Said otherwise, the Court exercises its

5  discretion inherent in LR IA 11-7(e)(3) to permit him to continue practicing before this

6  Court provided he complies with the NSC's probationary conditions because the Court

7  finds Leventhal has shown by clear and convincing evidence that "other substantial

8  reasons" justify allowing him to continue to practice.

9  　　To start, it is undisputed that Leventhal remains able to practice in the Nevada

10 state courts unless and until he violates one of the probationary conditions the NSC

11 imposed on him.

12 　　Second, the Court agrees with Leventhal that his case differs from many attorney

13 discipline cases the Court has presided over in its capacity as Chief Judge because he

14 did not enter into a conditional guilty plea, but instead took his case through the hearing

15 process, where he was largely vindicated. Leventhal's attorney discipline case began with

16 grievances from two clients, but the NSC only imposed discipline as to one of those

17 clients, and for that client, for only a portion of the conduct forming the basis of the

18 grievance. (ECF No. 1 at 6-9.) Moreover, were the Court to consider the additional

19 evidence Leventhal presented but the NSC did not entertain, that client withdrew his

20 grievance against Leventhal. (ECF No. 6 at 6.) But even looking only at the evidence the

21 NSC considered, Leventhal was largely vindicated by the NSC when the Court compares

22 the scope of Leventhal's conduct included in the two client grievances with the conduct

23 the NSC ultimately disciplined him for. Leventhal's case is also different from most

24 because he did not enter into a conditional guilty plea. When one enters into a conditional

25 guilty plea, one admits that certain facts are true. Leventhal never made such an

26 admission, and as discussed, the NSC's ultimate decision mostly supports his contention

27 he did not engage in misconduct.

28 ///

4

Third, the misconduct the NSC found Leventhal engaged in is less severe than many attorney discipline cases in which the Court has imposed reciprocal discipline. Leventhal borrowed his client's car without getting a conflicts waiver, drove it for a day, and then left it at an auto body shop for a year. The client ultimately got the car back, and it appears that the client could have picked the car up at the auto body shop earlier than the client actually did. While the Court certainly agrees with the NSC that Leventhal should have gotten a conflicts waiver when he borrowed the car, and notes that Leventhal could have returned the car to the client well before he apparently did, the Court also agrees that this conduct is less concerning than, for example, allowing nonlawyer assistants to steal significant amounts of money from a client trust account. *See, e.g.*, *In re Whipple*, 2022 WL 95697, at *1. Thus, the severity of Leventhal's conduct also weighs against treating his stayed suspension as an actual suspension.

Fourth, there is a significant difference between the length of Leventhal's stayed suspension—six months—and the length of his probationary period—five years. This also makes Leventhal's case stand out compared with other attorney discipline cases the Court has overseen. *See, e.g.*, *id.* ("one-year suspension stayed for 18 months"); *see also In re Finley*, Case No. 2:20-CV-00023-MMD, 2020 WL 96899, at *1 (D. Nev. Jan. 7, 2020) ("While Mr. Finley's suspension was stayed for two years, he is currently subject to several probationary conditions imposed by the NSC running for eighteen months from December 12, 2019."); *In re Sullivan*, Case No. 2:19-CV-02247-MMD, 2020 WL 32547, at *1 (D. Nev. Jan. 2, 2020) ("While Mr. Sullivan's suspension was stayed, he is currently subject to several probationary conditions imposed by the NSC running for one year from November 14, 2019."). Further, five years is much longer than six months. Were the Court to treat Leventhal's probationary period as an actual suspension, it would be suspending him for five years when the NSC determined he only warranted a six month suspension— and only if he fails to comply with the two probationary conditions the NSC imposed. That seems unfair, particularly considering, as noted, how Leventhal's probationary period appears unusually long relative to the length of his suspension.

1   Fifth, the Court also agrees with Leventhal that the probationary conditions

2   imposed on him do not appear too onerous, or too onerous to monitor. That also sets

3   Leventhal's case apart from other attorney discipline cases it has overseen.

4   Sixth, and finally, the Court acknowledges and appreciates Leventhal's long tenure

5   on the Court's CJA Panel, and all of the service he has provided to indigent defendants

6   through his work as a CJA Panel attorney. This also sets him apart from many attorneys

7   who have the unfortunate distinction of appearing before the Court in the context of a

8   reciprocal attorney discipline proceeding. The Court relatedly notes the support Leventhal

9   received from fellow attorneys in the form of letters in support of his Response (ECF No.

10  6-14), and the heartfelt support he received from his attorney in this matter (ECF No. 6 at

11  22-23). This speaks to Leventhal's good reputation as an attorney, which matters here

12  because it suggests to the Court that he will not commit further misconduct, or harm the

13  public.

14  In sum, the Court will impose reciprocal discipline on Leventhal as specified below

15  but allow him to continue practicing before this Court. But as the Court notes below, failure

16  to comply with the conditions specified below may result in immediate suspension from

17  practice before this Court.

18  **IV.   CONCLUSION**

19  It is therefore ordered that Todd M. Leventhal, Bar No. 8543, may continue

20  practicing before the United States District Court for the District of Nevada provided he

21  complies with the following conditions.

22  First, he must file a notice of compliance with the Court swearing under penalty of

23  perjury that he has paid the $2,500 in costs the NSC imposed on him within 30 days from

24  the date of this order. (ECF No. 1 at 9.)

25  Second, he must file an annual certification beginning on June 17, 2023 (and

26  continuing until he has discharged the NSC's probationary conditions), swearing under

27  penalty of perjury that he has complied with the CLE condition the NSC imposed on him.

28

6

Third, he must immediately notify the Court, in writing, captioned for this case, if he is subject to a public reprimand or harsher attorney discipline at any time. This condition is perpetual in line with LR IA 11-7(c).

Fourth, he must file a copy of a letter or other email from the NSC or Nevada State Bar confirming he has successfully discharged the NSC's probationary conditions, captioned for this case, once he has discharged those conditions. He must also file an updated certificate of good standing from the NSC, again captioned for this case, at that time.

Fifth, he must not engage in any conduct leading to his original discipline by this Court, or be convicted "of any felony or other misconduct that reflects adversely on the attorney's honesty, trustworthiness, or fitness as an attorney." *See* LR IA 11-7(f), (g).

It is further ordered that failure to comply with any of these conditions may result in Leventhal's immediate suspension from practice in this District.

DATED THIS 4th Day of November 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and LR 5-1, I hereby certify that I am an employee of United States District Court, and that on this 7th  day of November 2022, I caused to be served a true and correct copy of the foregoing Order to the following parties via Certified Mail, Return Receipt Requested via the United States Postal Service, in a sealed envelope, postage prepaid, to the following:

> Charles E. Gianelloni, Esq.
> Erin M. Gettel, Esq.
> SNELL & WILMER L.L.P.
> 3883 Howard Hughes Parkway, Ste. 1100
> Las Vegas, NV 89169

> Certified Mail No. 7020 3160 0000 7420 0141

> /s/ Sharon H.
> Deputy Clerk
> United States District Court,
> District of Nevada